PER CURIAM.
The affidavit of a physician relied on by plaintiff in opposing defendant’s motion for summary judgment should not have been stricken on the ground that affiant’s specialty was different from that of the alleged malpractitioner/ophthalmologist. The subject matter of the affidavit — the continuing responsibility of a referring physician to coordinate his treatment plan with that of the referred to physician — was pertinent to the practice of medicine in general and had no limitation as to medical specialty. See § 768.45(2)(c)(2), Fla.Stat. (1981); see also Chenoweth v. Kemp, 396 So.2d 1122 (Fla.1981) (in medical malpractice action against a specialist of obstetrics-gynecology and an anesthesiologist, trial court improperly refused to allow two neurosurgeons to testify concerning standard of care involving positioning of patient on operating table). When the subject affidavit is considered, as it should have been, it does not appear conclusively that there are no genuine issues of material fact. See Holl v. Talcott, 191 So.2d 40, 45 (Fla.1966).
Reversed.